IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          :

                                     :      ID No. 1512011620

                                     :      In and for Kent County

                                     :

          v.                        :

                                     :

DANIEL A. HILL,            :

                                     :

          Defendant.         :

                                     :

## **ORDER**

On this 16th day of May 2016, having considered Defendant Daniel Hill's (hereinafter "Hill's") Motion to Dismiss and the State of Delaware's (hereinafter "State's") response it appears that:

1. The State charged Hill with three counts of Sexual Solicitation of a Child and five counts of Obscenity Material Provided to a Person less than Eighteen Years of Age. Defendant was arrested for these offenses on December 16, 2015.

2. On May 10, 2016, Hill filed a motion to dismiss the charges because 150 days had passed since the date of his arrest. Hill asserts that the charges should be dismissed with prejudice because the State's failure to indict him (1) violates his Speedy Trial rights guaranteed by the Sixth Amendment to the United States Constitution, and (2) independently warrants dismissal pursuant to Delaware Superior Court Criminal Rule 48(b).

3. The State candidly responds that the matter at issue was jointly investigated by the U.S. Attorney's Office and the Delaware Department of Justice. The State

admits it has not indicted Hill to date because it was told Hill would be federally indicted for the conduct. While the State charges are serious, the alleged federal crimes at issue would involve potential life imprisonment. The State indicated it now intends to indict Hill for the state charges in June. The present motion is Hill's first assertion of his Speedy Trial rights.

4. This case involves pre-indictment delay. Relevant to this motion, there are three grounds for potential dismissal of charges based on a delay in bringing a defendant to trial. First, for claims involving pre-indictment delay, courts conduct a Due Process analysis.[1] To establish that pre-indictment delay amounts to a violation of Due Process a Defendant must show that her or she: (1) suffered actual prejudice from the delay, and (2) that the delay was intentional for the purposes of gaining a prosecutorial advantage.[2] The criminal statute of limitations applicable to charges typically permits an indictment at any time before the expiration of that time frame. For that reason, typically egregious conduct by the State is a prerequisite to dismissal of charges on that basis. The second, broader basis for dismissal of charges for delay involves the Speedy Trial analysis required by the Sixth Amendment. The four factors to be evaluated regarding Speedy Trial challenges include (1) the length of the delay; (2) the reason for the delay; (3), the defendant's assertion of a right to a speedy trial; and (4) prejudice to the Defendant.[3] The last, and broadest basis for dismissal on the basis of delay is for failure to prosecute pursuant to Superior Court Criminal Rule 48(b). While some courts have bled all four *Barker v. Wingo* factors into Rule 48(b)

---

[1] *U.S. v. Marion*, 404 U.S. 307, 324 (1977).

[2] *Id.*

[3] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

2

analyses, the standard for dismissal pursuant to Rule 48(b) requires that there be a sufficiently long unnecessary delay, and that the defendant suffer prejudice as a result.[4] Delaware courts have consistently applied the three factors used to evaluate prejudice in Sixth Amendment analysis to the prejudice requirement for Rule 48(b) dismissals.[5]

5.  Here, Hill has been incarcerated for 150 days as of the time of the presentation of the motion. That certainly involves a level of prejudice.  After considering the State's position, the Court does not find (nor did Hill argue) that the State's conduct in any way constituted an intentional manipulation of the prosecutorial process.  Accordingly, dismissal is not warranted based upon pre-indictment delay on Due Process grounds.

6. As to the Speedy Trial analysis, analysis of the *Barker v. Wingo* factors is not appropriate before the length of delay reaches the level of presumptive prejudice.[6] Courts generally set that point at a year, post-arrest or indictment, whichever was earlier[7].  Delaware Courts often cite one year as the proper benchmark[8], although as Hill emphasizes, in the context of a situation involving an incarcerated Defendant the Delaware Supreme Court has found the level of presumptive prejudice to be as low as

---

[4] *State v. Jarman*, 1991 WL 302614, at *1. (Del. Dec. 13, 1991).

[5]  Prejudice is to be evaluated in the following three categories for both Sixth Amendment Speedy Trial challenges and motions to dismiss for failure to prosecute pursuant to Superior Court Criminal Rule 48(b) : (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) impairment of the defense. *Id.* at *3.

[6] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (citation omitted).

[7] *State v. Strzalkowski*, 2010 WL 2961519, at * 4 (Del. Super. July 28, 2010)(citing *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992)).

[8] *Id.*

234 days.[9] Hill further argues that although the case at hand has not yet reached that level, it will be highly unlikely to conclude the case short of 234 days from the date of arrest and incarceration. While that could be the case, the Court concludes that Sixth Amendment Speedy trial analysis is not yet triggered. Based on what is a significant delay to date, Hill's claim regarding dismissal pursuant to Sixth Amendment Speedy Trial guarantees is denied without prejudice to refile (1) absent a June indictment or (2) absent the State's ability to ultimately provide Defendant with a timely trial. At this juncture, Hill has assertively marked his request for a speedy trial for purposes of his Sixth Amendment rights.

7. The Rule 48(b) aspect of the motion is a closer case. Dismissal is warranted by the Court, if "there is unnecessary delay in presenting the charge to a grand jury . . ." [10] There is no question that the delay to date has been attributable to the State and is unnecessary. Namely, the State who cooperated with the U.S. Government regarding investigation of the charges, believed prior to the time of the filing of the motion that the U.S. Government had charged Hill for his conduct. Accordingly, the State had not sought an indictment of Hill at the state level. The State indicated at the motion hearing that it now intends to seek an indictment of Hill at the next meeting of the Grand Jury in three weeks. Consequently, at that point, Hill will have been arrested but not yet indicted on these charges for approximately 165 days.

8. Hill did not articulate meaningful concrete prejudice to his defense based on the delay, or prejudice other than the obvious stigma involved with charges alleging misconduct against children. However, oppressive pretrial incarceration is one of the

---

[9] *Id.*

[10] *Super Ct. Crim. R*. 48(b).

4

three types of prejudice examined under Rule 48(b). The delay in presenting this matter to a grand jury is rapidly nearing such level. Hill has been incarcerated since his December 2015 arrest. At this immediate juncture, the Court does not find that dismissal is warranted pursuant to Rule 48(b). The motion on Rule 48(b) grounds will accordingly also be denied without prejudice to be reconsidered upon motion in the event Hill remains unindicted or if his case is otherwise unnecessarily delayed in being brought to trial.

Wherefore, for the aforementioned reasons, Defendant Hill's Motion to Dismiss is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

JJC/jb

oc: Prothonotary
copy: Julie Johnson, DAG
Alexander Funk, Esq.